**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


UNITED STATES OF AMERICA,

      Plaintiff,

      v.                              No. 16-CV-00714-MV-WPL
                                      No. 07-CR-01010-MV

HERBERT ISAAC PERKINS,

      Defendant.


<u>MEMORANDUM OPINION AND ORDER OF TRANSFER</u>

      This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules

Governing Section 2255 Proceedings, on Defendant Herbert Isaac Perkins' Motion Pursuant to

28 U.S.C. § 2255, filed on June 26, 2016.  [CV Doc. 1; CR Doc. 158]  For the following reasons,

the Court will transfer Defendant's motion to the United States Court of Appeals for the Tenth

Circuit in the interest of justice.

      Following a jury trial, Defendant was found guilty of one count of Interference with

Commerce by Threats or Violence in violation of 18 U.S.C. §§ 1951 and 2, two counts of

Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §

924(c), and one count of being a Felon in Possession of Ammunition in violation of 18 U.S.C. §§

922(g)(1) and 924(e).  [CR Docs. 82, 84, 107, 108]  Defendant was sentenced to a term of life

imprisonment.[1]  [CR Doc. 107]  On March 5, 2008, the Court entered Judgment on Defendant's convictions and sentence.  [CR Doc. 107]

Defendant timely filed a notice of appeal in the United States Court of Appeals for the Tenth Circuit, which affirmed Defendant's convictions.  [CR Docs. 113, 114, 140]  Defendant filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied.  [CR Docs. 141, 142]

On October 15, 2010, Defendant filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, contending that his trial attorney was constitutionally ineffective.  [CR Doc. 144; *see Perkins v. United States of America*, 10-CV-0976-JC/LFG (D.N.M. October 15, 2010)]  The Court denied Petitioner's § 2255 motion with prejudice.  [CR Docs. 152, 153]

On June 26, 2016, Defendant filed the present Motion Pursuant to 28 U.S.C. § 2255, contending that Defendant's "convictions under 18 U.S.C. §§ 924(c), 1951 & 1952 are unconstitutional" in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  [CV Doc. 1; CR Doc. 158]  Defendant further contends that the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the career offender provision of the United States Sentencing Guidelines, § 4B1.1(a), is invalid pursuant to *Johnson*.  [CV Doc. 1; CR Doc. 158]

This is Defendant's second § 2255 motion and "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [United States Court of Appeals for the Tenth Circuit] has granted the required

---

[1] Specifically, Defendant was sentenced to: (1) a term of life imprisonment for Interference with Commerce by Threats or Violence; (2) a concurrent term of 780 months for being a felon in possession of ammunition; (3) a consecutive term of ten years for the first count of Discharging a Firearm During and in Relation to a Crime of Violence; and (4) a consecutive term of twenty-five years for the second count of Discharging a Firearm During and in Relation to a Crime of Violence.  [CR Doc. 107]

authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* 28 U.S.C. §

2255(h). Defendant contends, however, that this "motion is not considered a second or

successive motion under § 2255 because the basis for this motion is the Supreme Court's

decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), and Mr. Perkins has not

filed any prior motion under § 2255 with respect to the specific grounds and claims found in this

counseled motion." [CV Doc. 1 at 3; CR Doc. 158 at 3] The Court disagrees.

"The term 'second or successive' is not defined in § 2255 or elsewhere in the

[Antiterrorism or Death Penalty Act (AEDPA)]." *In re Weathersby*, 717 F.3d 1108, 1110 (10th

Cir. 2013). To determine whether a § 2255 motion is "second or successive," the United States

Court of Appeals for the Tenth Circuit has instructed that:

> if the purported defect existed, or the claim was ripe, at the time of
> the prior petition, the later petition is likely to be held successive
> *even if the legal basis for the attack was not*. If, however, the
> purported defect did not arise, or the claim did not ripen, until after
> the conclusion of the previous petition, the later petition based on
> that defect may be non-successive.

*Id.* at 1111 (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (emphasis

added)). In the present case, the purported defect in Defendant's convictions and sentence

existed at the time Defendant's first § 2255 motion was filed, even though the legal basis for his

claim (i.e., the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)) did not. Indeed, §

2255(h)(2) expressly contemplates that § 2255 motions predicated on "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable," are "second or successive" motions requiring authorization by "the

appropriate court of appeals." § 2255(h)(2). Therefore, the Court concludes that it lacks

jurisdiction over Defendant's Motion Pursuant to 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 158],

because it is "second or successive."

A district court may, in its discretion, transfer a "second or successive" § 2255 motion to the United States Court of Appeals for the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631." *In re Cline*, 531 F.3d at 1252; *see* 28 U.S.C. § 1631.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251.

There is a "1-year period of limitation" application to § 2255 motions, which shall begin to run "one the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); *see Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (holding that if the United States Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision in which to file his § 2255 motion"). *Johnson* was decided by the United States Supreme Court on June 26, 2015 and defendants have one-year from that date, until June 26, 2016, to file a timely § 2255 motion seeking relief under *Johnson*. Although the present § 2255 motion was timely filed on June 26, 2016, it would be time-barred if it was dismissed and filed anew in the United States Court of Appeals for the Tenth Circuit.

After reviewing Defendant's § 2255 motion, the Court concludes that the claims raised therein are likely to have merit and were filed in good faith. *See In re: Encinias*, 821 F.3d 1224, 1225 (10th Cir. 2016) (holding that a challenge to a "career-offender sentence is sufficiently based on *Johnson* to permit authorization under § 2255(h)(2)"). Therefore, the Court will

transfer Defendant's § 2255 motion to the United States Court of Appeals for the Tenth Circuit in the interest of justice.

IT IS THEREFORE ORDERED that the Clerk is directed to TRANSFER Defendant's Motion Pursuant to 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 158] to the United States Court of Appeals for the Tenth Circuit.

_____

UNITED STATES DISTRICT JUDGE