IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT ISAAC PERKINS,

     Petitioner,

v.                                                    CV 16-0714 KWR/JHR
                                                        CR 07-1010 KWR

UNITED STATES OF AMERICA,

     Respondent.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITIONS**

THIS MATTER comes before the Court on Petitioner Herbert Isaac Perkins' Successive Motion Pursuant to 28 U.S.C. § 2255 [Doc. 20], filed July 9, 2020. Pursuant to 28 U.S.C. § 636(b), presiding District Judge Kea W. Riggs referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 17]. Having thoroughly reviewed the parties' submissions and the relevant law, I recommend the Court deny the Motion with prejudice.

**I.    BACKGROUND**

Perkins was convicted after a jury trial of multiple crimes including violation of 28 U.S.C. §§ 1151 and 1152 (Hobbs Act Robbery), and this Court sentenced him to a life term imprisonment. [CR Docs.[1] 82, 84, 107-08]. The Tenth Circuit affirmed his convictions on direct appeal, and the Supreme Court denied his petition for writ of certiorari. [CR Docs. 113-14, 140, 152-53].

Perkins filed his first § 2255 motion on October 15, 2010, contending ineffective assistance of counsel; that motion was denied with prejudice. [CR Docs, 144, 152-53]. Perkins filed this

---

[1] All citations to "CR Doc." Refer to documents filed in the criminal case: 1:07-cr-01010-KWR-1.

1

second motion on June 26, 2016, asserting that the 2015 ruling in *Johnson v. United States*, 576 U.S. 591 (2015) invalidated his convictions and sentence. [*See* Doc. 1; *cf.* CR Docs. 144]. The district court held that the 2016 petition was Perkins' second § 2255 motion and that it lacked jurisdiction. [Doc. 5, pp. 2-3]. In the interest of justice, the district court transferred the petition to the United States Court of Appeals for the Tenth Circuit. [*Id.*, p. 5].

Upon review, the Tenth Circuit asked Perkins to address implications of *United States v. Davis*, 139 S.Ct. 2319 (2019) and *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019). [Doc. 9]. After briefing, the Tenth Circuit granted partial relief authorizing a second or subsequent petition "limited to challenges of his § 924(c) convictions and sentence and to the enhancement of his sentence under the ACCA." [Doc. 13, p. 4]. Perkins filed his successive petition on July 9, 2020. [Doc. 20]. The United States filed a response on July 30, 2020. [Doc. 21]. In reply, Perkins filed a supplemental brief on April 29, 2021. [Doc. 22].

Perkins was originally convicted of one count of Interference with Commerce by Threats or Violence in violation of 18 U.S.C. §§ 1151 and 1152 (Hobbs Act robbery), two counts of Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) (each predicated on the Hobbs Act robbery), and one count of being a Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1)). [CR Docs. 82, 84, 107-08]. Perkins sentence for Felon in Possession of Ammunition sentence was enhanced under 18 U.S.C. § 924(e) due to prior convictions for armed robbery (firearm enhancement), conspiracy to committed armed robbery (firearm enhancement), aggravated battery (deadly weapon) and escape from jail. [CR Doc.2; Doc. 20, pp. 16-17, (citing PSR, p. 14)].

In this petition, Perkins raises three grounds for federal habeas relief. First, he argues that his Hobbs Act robbery conviction is invalid. [Doc. 20, pp. 9-15]. He next argues that his two §

924(c) convictions are invalid because the predicate crime of violence, Hobbs Act robbery, is no longer a crime of violence after *Davis*. [Doc. 20, pp. 15-16]. Then, citing *Johnson,* he challenges the predicate for his § 924(e) sentence enhancement: "armed robbery, conspiracy to commit armed robbery, and aggravated battery are not crimes of violence [sic "violent felonies"]." [Doc. 20, p. 16-17].

The United States responded, first by noting that the Tenth Circuit did not authorize Perkins to reargue his Hobbs Act robbery conviction. [Doc. 21, p. 8]. The United States next argues that Hobbs Act robbery is categorically a crime of violence under § 924(c)'s elements clause and thus unaffected by *Davis'* invalidation of the residual clause. [*Id.*, pp. 9-11]. Lastly, the United States argues that the predicate offenses for Perkins' § 924(e) enhancement are violent felonies even absent the unconstitutional residual clause. [*Id.*, pp. 11-14].

In Perkins' supplemental brief, he discusses recent cases from other circuits and an unpublished Tenth Circuit decision for the proposition that Hobbs Act robbery is not a "crime of violence" as defined in the United States Sentencing Guidelines § 4B1.2(a). [Doc. 22]; *see also United States v. Cuthbertson*, 833 F. App'x 727, 729 (10th Cir. 2020).

## II.  STANDARD OF REVIEW

Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).

## III.  ANALYSIS

3

### a. Hobbs Act robbery conviction

Perkins was convicted of one count of Interference with Commerce by Threats or Violence in violation of 18 U.S.C. §§ 1151 and 1152 (Hobbs Act robbery). [CR Doc. 107]. His second or successive § 2255 petition begins with the argument that his Hobbs Act robbery conviction is invalid. [*See* Doc. 20, pp. 9-15]. The Tenth Circuit authorized the new petition "limited to challenges to his § 924(c) convictions and sentence and to the enhance of his sentence under the ACCA." [Doc. 13, p. 4]. The Tenth Circuit did not authorize another challenge to the Hobbs Act robbery conviction, and a district court does not have jurisdiction to address the merits of a second or successive § 2255 claim until the Tenth Circuit has granted the required authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam), *see* 28 U.S.C. § 2255(h). Because this is a second or successive § 2255 petition, and the Tenth Circuit did not grant the required authorization, this Court does not have jurisdiction to address the merits of the Hobbs Act robbery challenge.

### b. § 924(c) Convictions

Perkins was convicted of two counts of Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c), the underlying crime of violence being Hobbs Act robbery. [CR Docs. 2, 107]. Perkins asserts that Hobbs Act robbery is no longer a crime of violence after *Davis*. [Doc. 20, p. 16]. His argument should be rejected.

For this purpose, the definition of "crime of violence" has two independent parts known as the "elements" clause and the "residual" clause:

> For purposes of this subsection the term 'crime of violence' means an offense that is a felony and ---
> (A) Has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the residual clause, § 924(c)(3)(B), is unconstitutionally vague. 139 S.Ct. at 2336. The holding in *Davis* does not extend to the elements clause, § 924(c)(3)(A). *See United States v. Nguyen*, 834 F. App'x 791, 792 (10th Cir. 2021) (unpublished). It is settled law in the Tenth Circuit that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A). *See id.* (citing *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065 (10th Cir. 2018)); *see also United States v. Tyree*, 757 F. App'x 704, 707 (10th Cir. 2018) (unpublished). Because Hobbs Act robbery is categorically a crime of violence under the elements clause, Perkins cannot obtain relief under *Davis*.

    **c.  § 924(e) Sentence Enhancement**

Perkins was convicted of one count of being a Felon Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1); the sentence for that conviction was enhanced under 18 U.S.C. § 924(e). Perkins argues the sentence enhancement is invalid under *Johnson*. His argument should be rejected.

Under § 924(e), a person who violated § 922(g) faces a more severe punishment if he also has three or more previous convictions for a violent felony or a serious drug offense. *See* 18 U.S.C. § 924(e).  For this purpose, a "violent felony" is defined by § 924(e)(2)(B) which, similar to § 924(c), contains containing independent "elements" and "residual" clauses:

> The term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, . . . that ---
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court struck down the residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 576 U.S. at 593-606. However, the *Johnson* Court held that the remaining aspects of a violent felony were unaffected by its holding on the residual clause. *Id.* at 606.

Perkins' sentence for his Felon in Possession conviction was enhanced based on prior convictions for armed robbery (firearm enhancement) and conspiracy to committed armed robbery (firearm enhancement), aggravated battery (deadly weapon) and escape from jail. [Doc. 20, pp. 16-17 (citing PSR, p. 14)]. Perkins' argument does not establish entitlement to relief. He discusses *Johnson*, identifies his relevant prior convictions, then concludes "[f]or the reasons discussed above, armed robbery, conspiracy to commit armed robbery, and aggravated battery are not crimes of violence [sic]." [*Id.*]. Perkins makes no attempt to show that his predicate felonies do not have "as an element the use, attempted use, or threatened use of physical force against the person of another". 18 U.S.C. § 924(e)(2)(B)((i). Notably, Perkins was on notice that it is the elements clause rather than the residual clause that is determinative here, as the Probation Office reviewed Perkins' prior convictions after *Johnson* and "determined the defendant's predicate convictions for Armed Robbery (Firearm Enhancement); Armed Robbery (DW); and Aggravated Battery[] meet the definition of violent felony, without the use of the residual clause." [CR Doc. 159, p. 1].

However, the United States bears the burden of proving whether a prior conviction qualifies under § 924(e). *See United States v. Garcia*, 877 F.3d 944, 948 (10th Cir. 2017) (citing *United States v. Titties*, 852 F.3d 1257, 1272 n. 19 (10th Cir. 2017)). Therefore, I still analyze whether Perkins' prior convictions are violent felonies under § 924(e).

The United States submits that Perkins has at least two prior separate armed robbery convictions as well as a New Mexico aggravated battery conviction. [Doc. 21, p. 11 (citing PSR ¶

6

49, 50 and 53)]. Perkins does not dispute the existence of these prior convictions. In *United States v. Manzanares*, the Tenth Circuit held that a New Mexico armed robbery conviction satisfies the elements clause, § 924(e)(2)(B)(i). 956 F.3d 1220, 1226 (10th Cir. 2020). The *Manzanares* court also held that "[t]he district court's conclusion that [the petitioner's] conviction under [New Mexico's aggravated battery statute] satisfies the Elements Clause[, § 924(e)(2)(B)(i), was] not reasonably debatable." *Id.* at 1228. In an unpublished decision, the Tenth Circuit interpreted *Manzanares* to "[hold] that the New Mexico crime of aggravated battery is a violent felony for purposes of the ACCA[.]" *United States v. Ybarra*, 827 F. App'x 896, 899 (10th Cir. 2020) (unpublished).

Perkins has three or more prior convictions that meet the definition of violent felony without the use of the residual clause. Therefore, Perkins has failed to show he is entitled to relief under *Johnson*.

## IV.    RECOMMENDATION

For the above reasons, I **recommend** that the Court **DISMISS** Perkins' petition with prejudice. Because reasonable jurists would not reach a different result, I **further recommend** that a certificate of appealability be **DENIED**.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**